NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-514

COMMONWEALTH

vs.

PARECKLIS ROCHA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the Boston Municipal Court, the defendant was convicted of operating under the influence of intoxicating liquor (OUI).[1],[2]  The defendant appeals from his conviction for OUI.  Because we conclude that the evidence was sufficient to prove the elements of OUI beyond a reasonable doubt, we affirm.

Background.  "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth and determine whether a rational trier of fact

---

[1] The defendant was acquitted of the negligent operation of a motor vehicle charge.

[2] The defendant was also found responsible for failure to stop/yield, G. L. c. 89, § 9; failure to stop for police, G. L. c. 90, § 25; and possession of an open container of alcohol in a motor vehicle, G. L. c. 90, § 24I.

could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017), quoting Commonwealth v. Oberle, 476 Mass. 539, 547 (2017).  Because the defendant challenges only the sufficiency of the evidence of intoxication, we focus only on that element.  See G. L. c. 90, § 24 (1)(a)(1).

On July 19, 2019, at approximately 2:40 A.M., a Massachusetts State Trooper, who was conducting a traffic stop of another car, heard a screeching sound come from a vehicle on the road in front of her.  She then observed that vehicle take a "wild turn" onto Albany Street in Boston.  It appeared to the trooper that the driver either had lost control of the car or had taken the turn too fast because the trooper observed that the driver had to turn the wheel aggressively to regain control of the car.  The car then stopped at a red light, but proceeded to go through it before the light changed to green.  It was the only car on the road at the time.

The trooper and her partner rushed back into their cruiser, pulled onto the road, and positioned themselves behind the suspect vehicle.  They activated their cruiser lights and sirens, but the driver failed to stop.  The trooper used her air horn and multiple types of sirens in her attempt to stop the car, but it did not stop.  Instead, the vehicle turned into a parking lot of a gas station and drove behind the station and a

2

hotel.  Ultimately, the car returned to the gas station and stopped.

As the trooper exited her cruiser, the driver abruptly opened his door and "made body motions that looked like he was gonna run."  The trooper apprehended the driver, who was the defendant, and handcuffed him.  The defendant said that he was going fast and did not think that the trooper was going to be able to catch up to him.  The trooper noticed that the defendant smelled of alcohol, his speech was slurred, and his eyes were bloodshot and glassy.  The defendant stated that he had been at a club, and the trooper believed that he said he had been drinking, but she could not fully recall.

The defendant agreed to perform field sobriety assessments.  While attempting to complete the walk-and-turn test, the defendant missed heel-to-toe steps, failed to keep his hands by his side, failed to count out loud, did not walk in a straight line, and improperly turned.  While performing the one-legged stand test, the defendant had to grab onto his pants pocket to keep his balance, swayed left and right, failed to count the numbers in order, missed a few numbers, and then placed his foot back on the ground and ended the test himself.  The trooper placed him under arrest for OUI.  An inventory search of the defendant's car revealed a bottle of Hennessey liquor.

Discussion. The defendant argues that the Commonwealth's evidence of intoxication was insufficient. The Commonwealth provided ample evidence that allowed a rational trier of fact to find that the defendant's ability to operate a motor vehicle was impaired by his consumption of alcohol. See Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 545 (2008) (evidence against defendant "overwhelming" where officer observed erratic driving and speeding and defendant's eyes were bloodshot, speech was slurred, breath smelled of alcohol, gait was unsteady, and liquor was found in the car). The trooper testified that she observed the defendant seemingly lose control of his vehicle while making a turn, go through a red light, and fail to stop for her cruiser despite activation of her lights, sirens, and air horn. In addition to the evidence of the defendant's driving, the officers' observations of how the defendant looked, smelled, and acted were sufficient for a rational trier of fact

to find that the defendant was under the influence of alcohol. Id.

                                        Judgment affirmed.

                                        By the Court (Meade,
                                          Hershfang & D'Angelo, JJ.[3]),

                                        *Joseph F. Stanton*

                                        Clerk

Entered:    October 20, 2023.

---

[3] The panelists are listed in order of seniority.